IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBIN L. MCADAMS, Administratrix of the Estate of Stephen C. McAdams, and WANZEK CONSTRUCTION, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | 4:11CV3117 |
| v. | ) ) | |
| MYRLE D. GILSDORF, and ANDREWS VAN LINES, INC., | ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) ) | |

    This matter is before the court on the defendants' motion to transfer venue, (filing no. 14). For the reasons set forth below, the motion will be denied.

    This dispute arises out of an accident in which Stephen C. McAdams was allegedly struck and killed by a vehicle driven by Defendant Myrle D. Gilsforf ("Gilsdorf") on behalf of Defendant Andrews Van Lines, Inc. ("Andrews"). The accident occurred at a private construction site near Kimball, South Dakota in Brule County. The site was allegedly in the control of Plaintiff Wanzek Construction, Inc. ("Wanzek"), a North Dakota Corporation. Andrews is a Nebraska corporation. Gilsdorf is a resident of Nebraska and has a commercial driver's license ("CDL") issued by the state of Nebraska. The plaintiff is from Pennsylvania, where McAdams resided and his estate is being administrated.

    The defendants have moved to transfer this case to the United States District Court for the District of South Dakota, Southern Division under 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In addition to these three general factors, courts will conduct a "case by case

evaluation of the particular circumstances at hand and consider all relevant factors." Terra Int'l., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997). "[F]ederal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer . . . typically bears the burden of proving that a transfer is warranted." Id. at 695.

In this case, although the action could have been filed in South Dakota, the plaintiffs elected to file suit in Nebraska[1], the residence of the defendants. The defendants argue this choice is not entitled to much, if any, deference. I disagree. The defendants cite from In re Apple, Inc., 602 F.3d, 909 (8th Cir.), to support their contention the plaintiffs' choice of forum should have little weight. In re Apple, Inc. involved a Taiwanese corporation suing a California corporation in the Western District of Arkansas, a venue which had no connection whatsoever to the suit. Id. at 913. In this case, Andrews is incorporated in Nebraska and Gilsdorf is a resident of Nebraska. Thus, this case is easily distinguishable from In re Apple, Inc.

The defendants' argument that Nebraska is not a convenient venue for them is unpersuasive. Andrews was incorporated and operates in Nebraska. A citizen of Nebraska could expect that any suits filed against it would be filed in Nebraska, and potential litigants suing Andrews are entitled to use the Nebraska courts for suits against Nebraska residents.

The defendants also argue that it will be more convenient for the witnesses if the venue if transferred to the District of South Dakota, Southern Division. The defendant notes that

---

[1] The parties have both argued this motion as if the trial is scheduled for Omaha. It is not. The plaintiff did not specifically request Omaha as the place of trial and pursuant to NECivR 40.1(c), the case was assigned to Lincoln. This order frames the issue as transfer from the District of Nebraska (and not necessarily a specific trial location within it) to the District of South Dakota, Southern Division.

the law enforcement officers who investigated the scene of the accident and the emergency response team are all located in South Dakota. However, any potential argument of inconvenience is mitigated somewhat by the fact that at least two of the law enforcement officers have agreed that they are willing to appear at trial in Nebraska and would not consider it a burden to do so.[2] Filing Nos. 22-4 & 22-7. The other most vital witnesses, the ones who witnessed the accident, are apparently spread throughout the country and thus neither venue has a particular advantage over the other.

The courts have provided a non-exclusive list of other factors a court may consider when addressing motions to change venue. These factors include: 1) judicial economy, 2) plaintiff's choice of forum; 3) the comparative costs of litigating in each forum, 4) each party's ability to enforce a judgment, 5) obstacles to a fair trial, 6) conflict of laws issues, 7) and the advantages of having a local court determine questions of local law. See Terra Int'l, 119 F.3d at 969 (citations omitted). The defendants have not pointed to any of the above factors weighing so heavily in their favor as to overcome the presumption in favor of the plaintiffs' choice of venue.

The parties only discuss a few of the above mentioned factors, but neither side is especially persuasive.[3] For instance each party has valid arguments regarding the advantages of local courts determining matters of local law. That the accident occurred in South Dakota

---

[2] It is true both affidavits specify the officers are willing to appear in Omaha, Nebraska. As noted above, is case is assigned to Lincoln. It seems unlikely that the law enforcement officers would be willing to travel to Omaha, but not Lincoln, if the trial remains in Lincoln.

[3] The parties spend much time discussing the location of documents and other evidence. Both parties fail to acknowledge that volumes of documents can be transferred through cyperspace with a mere click of a button. Thus, the physical location of police reports and business documents is of very little import.

favors a transfer of venue; however, Nebraska courts undoubtedly have some interest in the conduct of its citizens, corporations, and drivers with Nebraska-issued CDLs. Thus, this factor is essentially a wash.

The parties also each briefly discuss conflict of laws issues. But even if the defendants are correct and South Dakota law applies, the Nebraska federal court is capable of researching and correctly applying South Dakota tort law. In addition, as the plaintiffs argue, it is not clear that the law of other jurisdictions will not also be implicated. If a court must look to the laws outside of Nebraska or South Dakota, neither venue will have an advantage.

The plaintiffs' choice of venue is entitled to deference, and the defendant has not persuaded me that the District of South Dakota is a more appropriate venue for this case.

Accordingly,

IT IS ORDERED that the defendants' motion to transfer venue, (filing no. 14) is denied.

DATED this 6th day of December, 2011.

> BY THE COURT:
>
> *s/ Cheryl R. Zwart*
> United States Magistrate Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.